# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-10457
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JASON TROWBRIDGE, also known as Jason from California, also known as John from California, also known as Mr. Stoner,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-196-2

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jason Trowbridge appeals his guilty plea conviction for conspiracy to use access devices to modify telecommunications instruments, to make unauthorized access to protected telecommunications computers, to exceed authorized access to protected computers, and to transmit threats in interstate commerce with intent to extort. 18 U.S.C. §§ 371, 1029(a)(9), 1030(a)(5)(A)(ii), 1030(a)(2)(A), 875(d). Pursuant to a written plea agreement, Trowbridge waived his right to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal, except for an appeal of a sentence exceeding the statutory maximum punishment, an arithmetic error at sentencing, a challenge to the voluntary nature of his guilty plea or appeal waiver, or an ineffective assistance of counsel claim.

For the first time on appeal, Trowbridge argues, through counsel, that his guilty plea was involuntary because the district court failed to comply with the requirements of FED. R. CRIM. P. 11(c)(3)(B) and (c)(4) during the rearraignment hearing. The Government has filed a motion to dismiss the appeal as frivolous. Additionally, Trowbridge has filed his own motion, seeking to relieve appointed counsel and have new counsel appointed.

First, Trowbridge asserts pro se that appointed counsel has failed to argue specific claims on appeal and refused to communicate with him about appellate matters. Counsel has filed no response to this motion, but filed a timely appellate brief and response to the Government's motion to dismiss. Appointed counsel is not required to raise every claim suggested by his client and may use professional judgment to select the most promising issues for review. *See Jones v. Barnes*, 463 U.S. 745, 750-54 (1983). Furthermore, this court may substitute one appointed counsel for another in the event of a conflict of interest, other most pressing circumstances, or in the interests of justice. Fifth Circuit Plan Under the C.J.A., § 5(B). Trowbridge has failed to meet this standard. Accordingly, Trowbridge's pro se motion to relieve appointed counsel and have new counsel appointed is DENIED.

Second, this court can dismiss an appeal during consideration of an interlocutory motion if the appeal "is frivolous and entirely without merit." 5th Cir. R. 42.2. As discussed below, Trowbridge's appeal is not entirely without merit. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (holding that appeal is not frivolous if it involves legal points arguable on their merits); *see also Anders v. California*, 386 U.S. 738, 744 (1967). As such, the Government's motion to dismiss the claim as frivolous is DENIED.

2

Third, the Rule 11 argument raised by Trowbridge, through counsel, is reviewed for plain error because no objection was raised in the district court. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002). To show plain error, Trowbridge must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). An error affects substantial rights when there exists a "reasonable probability that, but for the error, [the defendant] would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). In making this assessment, we look to the entire record, not to the plea proceedings alone. *Vonn*, 535 U.S. at 59. If Trowbridge makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Puckett*, 129 S. Ct. at 1429.

Trowbridge's argument regarding the applicability of Rule 11(c)(3)(B) is without merit as Rule 11(c)(3)(B) does not apply here. Trowbridge also argues that the district court violated Rule 11(c)(4) when it failed to inform him that "the agreed disposition" in the plea agreement would be included in the judgment. There was no agreed disposition to add to the judgment as to any remaining charges as Trowbridge pleaded guilty to the only count of a superseding indictment. Even if the district court failed to comply with the requirements of FED. R. CRIM. P. 11(c)(4) insofar as the plea agreement provided that the Government would not bring any other charges, there is nothing in the record to indicate that the Government has filed or intends to file any other charges against Trowbridge. Trowbridge has failed to show that, but for the Rule 11 error, he would not have pleaded guilty. *See Dominguez Benitez*, 542 U.S. at 83. Accordingly, Trowbridge has failed to show that his plea was unknowing and involuntary.

AFFIRMED.